IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| GEORGE WYATT, JR., et al., ) | |
|     ID # 00333787, ) | |
|         Plaintiffs, ) | |
| vs. ) | No. 3:23-CV-1211-X (BH) |
| ) | |
| JOE BIDEN, et al., ) | |
|         Defendants. ) | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings and applicable law, the plaintiff's *Application to Proceed in Forma Pauperis,* received on May 23, 2023 (doc. 3), should be **DENIED**, and the case should be summarily **DISMISSED** as barred by the "three-strikes" rule of 28 U.S.C. § 1915(g) unless the plaintiff timely pays the full filing fee.

### I.  BACKGROUND

In a two-page hand-written document entitled, *Complaints for Retaliation*, received on May 23, 2023, George Wyatt, Jr. (Plaintiff) appears to challenge Texas Department of Criminal Justice guidelines or rules concerning inmate use of its telephone system. (doc. 2 at 1-2.)[2]  He seeks leave to proceed *in forma pauperis*.  (doc. 3.) No process has been issued in this case.

### II.  THREE STRIKES

As a prisoner seeking to proceed *in forma pauperis*, Plaintiff's action is subject to review under the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915.  One of the major changes promulgated by the PLRA is the "three-strikes" provision in § 1915(g).  It provides that inmates may

---

[1]  By *Special Order No. 3-251*, this *pro se* prisoner case has been automatically referred for full case management.

[2]  Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

not proceed without the prepayment of fees if they have previously brought three or more civil actions or appeals in federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless they are in imminent danger of serious physical injury.  *See Jackson v. Johnson*, 475 F.3d 261, 265 (5th Cir. 2007).

Plaintiff has had at least three prisoner civil actions dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted.  *See  Wyatt v. State of Texas*, No. H-22-0605 (S.D. Tex. Mar. 21, 2022) (noting prior sanctions for frivolous filings, listing cases, and dismissing case based on three strikes bar); *Wyatt v. State of Texas*, No. H-21-4078 (S.D. Tex. Dec. 16, 2021) (same); *Wyatt v. Szumezak*, No. 1:18-CV-628, 2019 WL 1511218 (E.D. Tex. Feb. 1, 2019) (listing cases and recommending dismissal based on three strikes bar), *report and recommendation adopted*, No. 1:18-CV-628, 2019 WL 1430926 (E.D. Tex. Mar. 28, 2019).  Under § 1915(g), he may not proceed without the prepayment of fees unless he shows that he is subject to imminent danger of serious physical injury.

Plaintiff has made no allegations at all suggesting that he is in imminent danger of serious physical injury.  He must therefore prepay the filing fee before he may proceed with his case.

### III.  RECOMMENDATION

Plaintiff's application to proceed *in forma pauperis* should be **DENIED**, and his claims should be summarily **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(g) unless he pays the full filing fee[3] prior to acceptance of this recommendation or before a deadline otherwise established by the Court.

---

[3]  A $52 administrative fee will be assessed in addition to the $350 filing fee, resulting in a total filing fee of $402 for a civil action in which the plaintiff has not sought or been granted leave to proceed *in forma pauperis*. *See* District Court Miscellaneous Fee Schedule.

2

**SO RECOMMENDED this 26th day of May, 2023.**

---
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

---
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE